# RESCRIPT OPINIONS.

CAROL R. MINKLEY & others *vs.* BRUCE M. MACFARLAND. October 6, 1976. A judge of the Superior Court dismissed six of the eight counts of the plaintiffs' complaint, leaving two counts on behalf of the decedent's administratrix, one for conscious suffering of the decedent and the other for his wrongful death on August 16, 1973. There was no error. 1. We agree with the plaintiffs that a wife may have a claim for loss of consortium during the life of her husband. *Diaz* v. *Eli Lilly & Co.,* 364 Mass. 153, 167-168 (1973). It may not be fatal to such a claim that the husband lives only a few hours after a tortious injury. *Walden* v. *Coleman,* 105 Ga. App. 242, 243 (1962). But we find no such claim stated in the counts in question. 2. We are urged to hold that the wife and each child have common law claims for compensatory damages for wrongful death in addition to the statutory claim for punitive damages asserted on their behalf by the administratrix. This is contrary to the clear statement in *Gaudette* v. *Webb,* 362 Mass. 60, 71 (1972), that our statutes were to be viewed as "requiring that damages recoverable for wrongful death be based upon the degree of the defendant's culpability"; as "prescribing the range of the damages recoverable against each defendant"; and as "requiring that any action for wrongful death be brought by a personal representative on behalf of the designated categories of beneficiaries . . . ." We reject the claims for additional common law recovery. 3. Nothing we say here as to actions for wrongful death is applicable to claims arising on or after January 1, 1974. G. L. c. 229, § 2, as appearing in St. 1973, c. 699, §§ 1, 2, and as amended by c. 957, §§ 1, 2.

*Judgment affirmed.*

*James P. Rooney (Joseph R. White* with him) for the plaintiffs.
*Richard F. Faille (Donald A. Beaudry* with him) for the defendant.