## MARY STOCKDALE *vs.* BIRD & SON, INC.

Suffolk.  November 6, 1986. — February 17, 1987.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Negligence,* Emotional distress, Causing loss of companionship and society. *Emotional Distress. Actionable Tort. Parent and Child,* Companionship and society.

A mother's allegations that she had suffered "severe emotional distress, mental anguish and physical symptoms of pain and shock" on learning of her son's death four hours earlier in an industrial accident, and on observing the injuries to his body the next day at a funeral home, stated no claim entitling her to recover from the son's employer for negligent infliction of emotional distress. [251-252]

This court's decision in *Hallett* v. *Wrentham,* 398 Mass. 550 (1986), precluded a plaintiff from maintaining, separately from her claims against others under the wrongful death statute, G. L. c. 229, § 2, an action against the employer of her deceased son seeking recovery for the loss of his companionship and society. [252-253]

CIVIL ACTION commenced in the Superior Court Department on May 9, 1980.

A motion for summary judgment was heard by *Thomas R. Morse, Jr.,* J., and the case was reported by him to the Appeals Court. The Supreme Judicial Court transferred the case on its own initiative.

*Frank J. Ciano* for the plaintiff.

*James C. Gahan, Jr.* (*John T. Underhill* with him) for the defendant.

O'CONNOR, J. Larry P. Link, twenty-one years of age, was killed on October 18, 1978, in an industrial accident during the course of his employment by Bird & Son, Inc. (Bird). The plaintiff is the mother of Link and administratrix of his estate. The plaintiff brought an action under the wrongful death statute, G. L. c. 229, § 2, against several defendants other than Bird.

Thereafter, a judge allowed the plaintiff's motion to amend her complaint by adding a count on behalf of the plaintiff individually against the original defendants and against Bird. The added count did not purport to have been asserted pursuant to the wrongful death statute. In that count, the plaintiff alleges that the defendants' negligence caused Link's death and resulted in (1) the plaintiff's suffering "severe emotional distress, mental anguish and physical symptoms and pain and shock from the death of her son and from her observation of her son's corpse after his death" (the claim for negligent infliction of emotional distress), and (2) the plaintiff's being "deprived of the support, services, care and companionship of her son" (the claim for loss of companionship and society). Bird filed a motion for summary judgment supported by a memorandum of law which stated, among other things, that the plaintiff's claims against the other defendants had been settled. Although that statement is not confirmed in either party's brief or by the record appendix, plaintiff's counsel in oral argument before this court stated that the only claim remaining in the case is the claim of Mary Stockdale, individually, against Bird. We proceed on that assumption.

A judge allowed Bird's motion for summary judgment, stating that his reasons for doing so were those set forth in Bird's memorandum. The judge also noted that no affidavit had been filed by the plaintiff. The plaintiff then moved for reconsideration and attached her affidavit to the motion. The judge denied the motion. The plaintiff filed notices of appeal from the allowance of Bird's motion for summary judgment and from the denial of her motion for reconsideration, and subsequently filed a motion for the judge to report the question whether the judge erred in allowing the motion for summary judgment. According to the docket sheets contained in the record appendix, the motion for a report was allowed. In their briefs before us, both parties stated that this case is here on appeal. Because the record does not show that a final judgment has entered against any of the defendants, a prerequisite to appeal, see Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), we treat the case, which we transferred from the Appeals Court on our own

motion, as being before us pursuant to a report. We affirm the judge's order allowing Bird's motion for summary judgment.

We first address the plaintiff's claim for negligent infliction of emotional distress. According to a death certificate submitted by Bird in support of its motion for summary judgment, Link's death occurred on October 18, 1978, at approximately 5:30 P.M. In the plaintiff's affidavit, which we treat as having been timely filed in opposition to Bird's motion, the plaintiff states that she was advised of Link's death by the police at 9:30 P.M. on the day he died, and that she immediately became very upset and began to shake and cry. The next day, at approximately 5 P.M., the plaintiff saw Link's body at a funeral home, became physically ill at the sight of the body, and thereafter suffered loss of sleep, stomach upset, and "other mental and physical pain and suffering, including uncontrolled crying and shaking." The uncontroverted affidavit further states that Link lived with the plaintiff until his death and that "almost every week [Link] gave [the plaintiff] on the average twenty dollars per week although [the plaintiff] was never partially or totally dependent upon Larry Link for [her] support."

In *Dziokonski* v. *Babineau,* 375 Mass. 555, 568 (1978), we held that "allegations concerning a parent who sustains substantial physical harm as a result of severe mental distress over some peril or harm to his minor child caused by the defendant's negligence state a claim for which relief might be granted, where the parent either witnesses the accident or soon comes on the scene while the child is still there." Two years later, in *Ferriter* v. *Daniel O'Connell's Sons,* 381 Mass. 507, 518 (1980), we held that the wife and children of an employee allegedly injured through his employer's negligence could maintain an action for negligent infliction of emotional distress, even though they first observed the employee in a hospital immediately after the accident. We said that "[a] plaintiff who rushes onto the accident scene and finds a loved one injured has no greater entitlement to compensation for that shock than a plaintiff who rushes instead to the hospital. So long as the shock follows closely on the heels of the accident, the two types of injury are equally foreseeable." *Id.*

In our cases since *Ferriter,* we have declined to expand the scope of liability for negligent infliction of emotional distress. See *Cohen* v. *McDonnell Douglas Corp.,* 389 Mass. 327 (1983); *Miles* v. *Edward O. Tabor, M.D., Inc.,* 387 Mass. 783 (1982). In *Cohen,* we denied recovery to the estate of a woman who suffered a series of painful angina attacks and died as a result of being told of her son's death in an airplane crash seven hours earlier. We concluded that, because the mother did not learn of her son's death until seven hours after the accident and observed neither the accident nor her son, "the manner in which she learned of her son's death preclude[d] the imposition of liability." *Id.* at 341-342. In *Miles* v. *Edward O. Tabor, M.D., Inc., supra,* we held that a mother was not entitled to recover for the negligent infliction of emotional distress by a doctor whose negligence at her son's birth resulted in the son's death two months later, because there was insufficient evidence to warrant a finding that the mother's emotional distress was a result of watching the doctor's conduct in the delivery room rather than from the boy's death. *Id.* at 788-789.

Although the instant case can be distinguished in one particular or another from the *Dziokonski, Ferriter, Cohen* and *Miles* cases, we conclude that, since the plaintiff did not learn of the accident until several hours after it occurred and did not see the injuries to her son's body for twenty-four hours, this case is more like *Cohen* and *Miles* than it is like *Dziokonski* and *Ferriter.* Therefore, even without considering whether the materials submitted in connection with the summary judgment motion raise legitimate questions whether the plaintiff indeed sustained "severe mental distress" or "substantial physical harm," within the requirements of *Dziokonski, supra* at 568, see *Cimino* v. *Milford Keg, Inc.,* 385 Mass. 323, 334 (1982), and without considering the significance of Link's age at the time of his death, we conclude that the judge correctly granted summary judgment for Bird with respect to the claim for negligent infliction of emotional distress.

The plaintiff's only other claim against Bird was for loss of companionship and society. Our decision in *Hallett* v. *Wrentham,* 398 Mass. 550 (1986), decided after the present case

was briefed and argued, defeats the plaintiff's claim. In *Hallett, supra* at 555-556, we held that the wrongful death statute, G. L. c. 229, § 2, provides the exclusive remedy for the recovery of damages for loss of consortium or loss of companionship and society resulting from death, and that such an action must be brought by the decedent's executor or administrator presenting "all claims by the designated beneficiaries for damages flowing from the wrongful death." A separate action for loss of companionship and society, as here, may not be maintained. *Id.* at 556. Therefore, we affirm the judge's order allowing Bird's motion for summary judgment.

*So ordered.*