Gershengorn, J.
In this case, the plaintiff alleges, inter alia, the wrongful death of his wife as a result of the defendants’ negeligent medical care. The matter is before the court on defendant M. Wael Lotfi, M.D.’s motion for partial summary judgment as to Count IX of the Complaint alleging loss of consortium.[3] After considering the arguments and submissions of both sides, the court DENIES the motion.
BACKGROUND
On or about June 9, 1993, plaintiff James William McEachern (“McEachern”)’s late wife, Carminda McE-achern (“Mrs. McEachern”), was operated on at Som-erville Hospital by defendant Arnold L. Sperling, M.D. (“Dr. Sperling”). Mrs. McEachern was discharged from the hospital the same day, but she returned that same evening with intense abdominal pains. Mrs. McE-achern was then admitted to the hospital under the care of Dr. Sperling and of codefendant M. Wael Lotfi, M.D. (“Dr. Lotfi”), who, on June 11, made a diagnosis of bowel fistula. Neither defendant took any steps to perform corrective surgery on Mrs. McEachern until June 18. Subsequently, Mrs. McEachern developed sepsis, and, on August 15, 1993, she died.
McEachern and Mrs. McEachern were married in September 1946 and lived together as man and wife continuously from that time until June 9, 1993, when Mrs. McEachern entered Somerville Hospital for surgery. Mrs. McEachern was a patient at Somerville Hospital from June 9 until July 7, on which date she was transferred to University Hospital, where she remained a patient until her death on August 15, 1993.
DISCUSSION
A person’s right to recover for the loss of his spouse’s consortium, where that loss is the result of an injury to the spouse caused by a third person’s negligent act, is independent of the spouse’s negligence claim for the injury itself. Pinheiro v. Medical Malpractice Joint Underwriting Association of Massachusetts, 406 Mass. 288, 292 &n. 5 (1989); Diaz v. Eli Lilly & Co., 364 Mass. 153, 160 (1973).
Section 2 of Mass.R.Civ.P. 229 (“the wrongful death statute”) provides, in relevant part, that a person who, by his negligence, causes the death of another person shall be liable in damages to compensate for the loss of the society, companionship, and comfort of the decedent to the person(s) entitled to receive the damages recovered. Mass.R.Civ.R 229, §2. The wrongful death statute provides the exclusive remedy for the recovery of the damages it encompasses, including those for lost consortium. Hallett v. Wrentham, 398 Mass. 550, 556 (1986). In other words, the statute provides the only way to recover damages for loss of consortium resulting from death. Stockdale v. Bird & Son, Inc., 399 Mass. 249, 252-53 (1987); Hallett v. Wrentham, supra, 398 Mass. at 555.
In Minkley v. MacFarland, 371 Mass. 891 (1976) (rescript), the Supreme Judicial Court noted, in dicta, that a wife may have a claim for the loss of consortium of her husband even if he lives only a few hours after suffering a tortious injury. Minkley v. MacFarland, supra, 371 Mass. at 891 (citations omitted).[4] In the companion case to Pinheiro v. Medical Malpractice Joint Underwriting Association of Massachusetts, supra,[5] the Court upheld the separate and distinct consortium claim of a woman who also sued for the wrongful death of her husband, who died the year following his negligent treatment by a physician. Pinheiro v. Medical Malpractice Joint Underwriting Association of Massachusetts, supra, 406 Mass. at 290, 297.
In the instant case, McEachern’s claim in Count IX of the Complaint is for damages for the loss of his wife’s consortium during the more than two-month period beginning with the date of the defendants’ allegedly tortious act (June 9, 1993) and ending on the date of Mrs. McEachern’s death (August 15, 1993). To the extent that his claim is limited to damages for the lost consortium he suffered during his late wife’s lifetime and not for the consortium he lost as a result of her death, McEachern has a valid claim, separate and distinct from the wrongful death action.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant M. Wael Lotfi, M.D.’s motion for partial summary judgment as to Count IX of the Complaint alleging loss of consortium be DENIED.

Defendant Arnold L. Sperling, M.D., did not file a motion.

In Minkley v. MacFarland itself, no such claim was stated.

Medical Malpractice Joint Underwriting Association of Massachusetts v. O'Connor.