Neel, J.
INTRODUCTION
The plaintiffs brought this negligence action seeking damages for wrongful death and, in separate counts, for loss of consortium. Defendants now move for partial summary judgment on the separate consortium counts (counts seven, eight, eleven and twelve of the complaint). The motions pose this question: are claims for consortium damages suffered prior to death “preempted” by the wrongful death statute, or may they be asserted separately from claims for post mor-tem loss of consortium? The court concludes that such claims are not preempted. Accordingly, for the reasons set forth below, the motions are allowed to the extent that counts seven, eight, eleven and twelve assert separate claims for post mortem loss of consortium, and denied to the extent that they assert separate claims for ante mortem loss of consortium.
BACKGROUND
On or about March 6 and 7, 1990, the decedent, Ellen L. Donahue, was treated by defendants. Plaintiffs allege that defendants’ treatment was negligent, and that decedent suffered for a period before she died on March 29, 1990. Janet A. Deasy, the Administratrix and mother of the decedent, filed this lawsuit against the defendants on behalf of the decedent’s estate and two minor daughters.
DISCUSSION
Summary judgment may be granted where there are no genuine issues of material fact and where the record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
In the present case, plaintiffs assert that they added the counts for loss of consortium to ensure that they are not precluded from seeking damages for such loss sustained during the three week period between the alleged negligent actions of the defendants and the decedent’s death. While plaintiffs concede that a person may not maintain an action for post mortem loss of consortium in addition to a wrongful death action, Hallett v. Town of Wrentham, 398 Mass. 550, 553 (1986), they argue that the law is unclear as to claims for consortium lost before death occurs.
The wrongful death statute, G.L.c. 229, §2, provides' the exclusive remedy for the recovery of damages for loss of consortium or loss of companionship and society resulting from death, and such an action must be brought by the decedent’s executor or administrator presenting “all claims by the designated beneficiaries for damages flowing from the wrongful death.” Stockdale v. Bird & Son, Inc., 399 Mass. 249, 253 (1987), citing Hallett, supra, at 555-56.
Neither Hallett nor Stockdale involved claims for loss of consortium occurring prior to decedent’s death. In Minkley v. MacFarland, 371 Mass. 891 (1976), a rescript opinion, the plaintiff wife sued for the conscious suffering and wrongful death of her husband. Although holding that the plaintiff had failed to state a claim for loss of consortium, the court agreed that a “wife may have a claim for loss of consortium during the life of her husband,” citing Diaz v. Eli Lilly & Co., 364 Mass. 153, 167-68 (1973) (a case involving negligent injury, not death). The court also noted that “(i]t may not be fatal to such a claim that the husband lives *515 only a few hours after a tortious injury,” id., suggesting that a separate claim for ante mortem loss of consortium may be asserted in a wrongful death action.
The court in Minkley cautions, however, that “[n]othing we say here as to actions for wrongful death is applicable to claims arising on or after January 1, 1974,” citing the amendments to c. 229 which became effective on that date as enacted in St. 1973, c. 699, §§1, 2, and as amended by c. 957, §§1, 2. Id. Those amendments removed the “culpability” measure of damages and added loss of consortium as an element of wrongful death damages, a right previously denied a decedent’s survivors, and so unavailable to plaintiffs in Minkley.
The Commonwealth’s appellate courts apparently have not yet dealt directly with the question presented here, and not answered in Minkley: does a separate claim for lost consortium suffered during the life of the decedent, established in Diaz, survive the decedent’s death, or does the 1974 amendment to c. 229, §2 merge such ante mortem damages into the statutory action?
Hallett and Stockdcde clearly stand for the principle that “there can be only one plaintiff in a wrongful death action who asserts all claims by the designated category of beneficiaries for damages resulting from the wrongful death.” Hallett, supra at 556, citing, “Cf.,” Cimino v. Milford Keg, Inc., 385 Mass. 323, 334 (1982). In Omino the court held that a claim for emotional distress, where the plaintiff witnessed the accident from which his son died hours later, was an independent claim for plaintiffs own damages, and therefore was not “preempted” by G.L.c. 229, §2. The court stated that
[a] claim for damages based on emotional distress does not include an administrator’s claim for loss of consortium — which will be present in every wrongful death action such as this. Since emotional distress is a wrong to the plaintiff distinct from that done to his son and the statutory beneficiaries of the decedent, it is not a duplicative remedy and is not “preempted” by the wrongful death statute.
Id., citing, “Cf.,” Minkley. In deciding whether the emotional distress claim is preempted, the court in Omino focuses on the distinct nature of the claim, rather than the time (before or after death) it arose. The question is closer where the claim is lost consortium: it is possible to read Omino as indicating that such a claim for ante mortem lost consortium is a “duplicative injury” and so is “preempted” by the wrongful death statute. Literally speaking, however, lost consortium occurring before death cannot be considered as part of “damages resulting from wrongful death” (as opposed to wrongful injury), Hallett. supra at 556, and so cannot be duplicative of them. The practical concern in a case such as this — that a jury may award a larger total for consortium damages when it has two blanks to fill on the special jury verdict (one for lost consortium before death, one for statutory damages after death), rather than one — can be addressed by careful instructions.
ORDER
For the reasons stated above, the defendants’ motions for partial summary judgment aré ALLOWED insofar as they pertain to post mortem loss of consortium, and are otherwise DENIED. Plaintiffs shall amend their complaint accordingly.