Hely, J.
I. Negligent Infliction of Emotional Distress A. Kimberly Zachary
Kimberly Zachary asserts a count for negligent infliction of emotional distress based on suffering caused to her father, John Smith. The claim is against the defendant, Shalimar Ellis, the nurse assigned to provide medical care for Mr. Smith in his home. The material facts are undisputed. John Smith was suffering from terminal cancer. By July and August 1996, the cancer was causing him severe pain and had virtually eaten away his sixth vertebra. Between July 7 and August 7, John Smith’s pain medications “were not taking the pain away anymore.” Ms. Zachary, his daughter, knew this. She visited him every day.
On August 7, John Smith was in excruciating pain. He told Ms. Zachary this twice on the telephone that day. On the afternoon of August 7, Mr. Smith’s nurse, Shalimar Ellis, was asked to administer morphine to John Smith. Ms. Ellis instead gave him an unknown substance that was not morphine.
Mr. Smith told his daughter on August 7 that it appeared that his morphine had been tampered with. On the morning of August 8, Ms. Zachary went to Mr. Smith’s residence and learned that Ms. Ellis had administered to Mr. Smith the unknown substance instead of morphine. Ms. Zachary also learned on August 8 that Ms. Ellis had tried to fill an old prescription of Mr. Smith and may have stolen some other pain medications as well. (See Zachary Dep. 93-94.)
Although she pleaded guilty to criminal offenses related to this conduct, Ms. Ellis testified in her deposition that when she administered the substance to Mr. Smith she did not know that it was not morphine. There is thus an open fact issue on whether her conduct in this incident was negligent or intentional.
In a well established but narrow category of cases, the Supreme Judicial Court has recognized a cause of action for emotional distress for a family member of a person injured by an accident against the person whose negligence caused the accident when the plaintiff has observed the accident or has observed the loved one’s injuries “immediately after the accident.” Stockdale v. Bird and Son, Inc., 399 Mass. 249, 251 -52 (1987); Ferriter v. Daniel O’Connell’s Sons, Inc., 381 Mass. 507, 518 (1980). In the cases since Ferriter, the court has “declined to expand the scope of liability for negligent infliction of emotional distress.” Stockdale, 399 Mass. at 252; see Cohen v. McDonnell Douglas Corp., 389 Mass. 327 (1983); Miles v. Edward O. Tabor, M.D., Inc., 387 Mass. 783, (1982).
This case does not fit neatly into the pattern of permissible negligent infliction claims recognized in the case law. The defendant Ellis argues that Zachary cannot satisfy the requirement that she learned of Ellis’s wrongdoing or her father’s injury “immediately after the accident.” This is partly true. Ms. Zachary did not learn of Ms. Ellis’s wrongdoing immediately; but she did learn of her father’s August 7 suffering simultaneously by telephone. Although she did not observe him in person until August 8, Ms. Zachary’s deposition (109) provides evidence that his extreme suffering from lack of morphine continued into August 8. Ms. Zachary had to obtain a new supply of morphine that day to alleviate the continuing suffering. It was on the same day, while the extreme suffering continued, that Ms. Zachary learned of Ms. Ellis’s negligent or intentional misconduct.
The issue is a close one. The court concludes that this novel set of facts complies sufficiently with the requirements summarized in Stockdale and the cited cases so as to permit Ms. Zachary’s negligent infliction claim to go forward to trial.
B. Shawn Smith
The negligent infliction of emotional distress count of Shawn Smith must be dismissed because he did not sustain any “physical harm manifested by objective symptomatology.” Payton v. Abbott Labs, 386 Mass. 540, 578-81 (1982); Sullivan v. Boston Gas Co., 414 Mass. 129, 132-33, n. 4, 137-38 (1993); Shawn Smith Answer to Int. 8.
II. Intentional Infliction of Emotional Distress
The case of Anthony H. v. John, 415 Mass. 196, 199 (1993), provides the most recent summary of the requirements for a claim for intentional infliction of emotional distress based on a defendant’s outrageous conduct toward a plaintiffs family member. This cause of action requires the plaintiff “to be present at the time of the defendant’s misconduct toward” the plaintiffs family member. Id. Alternatively, the court has stated that, “[e]ven if the [plaintiff] family member’s presence were not a condition of liability, we would normally require both (a) substantially contemporaneous knowledge of the outrageous conduct and (b) severe emotional response.” Id., quoting Nancy P. v. D’Amato, 401 Mass 516, 522 (1988).
This is in contrast with negligent infliction claims where the knowledge that must be simultaneous or nearly so is the knowledge of the injury. With intentional infliction cases it is the outrageous nature of the defendant’s conduct that is most important. Prompt *740 knowledge of the injury is not enough. For an intentional infliction case, the family member must either be present for the defendant’s outrageous conduct or have “substantially contemporaneous knowledge” of the outrageous conduct. Anthony H., supra.
Based on the undisputed facts summarized above, neither plaintiff in this case can satisfy this requirement. Ms. Ellis’s outrageous conduct occurred on August 7. Ms. Zachary and Shawn Smith did not learn of the outrageous conduct until the following day. This is not “substantially contemporaneous knowledge of the outrageous conduct.”
III. Order
The Motion for Summary Judgment of Defendant Shalimar Ellis is allowed on Counts II, V and VI of the complaint, and denied on Count I.